**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **BEVERLY DILLON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | **CIVIL ACTION NO. 6:17-cv-00447** |
| § | |
| **USAA FEDERAL SAVINGS BANK,** § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant USAA Federal Savings Bank ("Defendant") removes this action from the 7th Judicial District Court of Smith County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division, as follows:

### I.
### STATE COURT ACTION

1.  On July 12, 2017, Plaintiff Beverly Dillon ("Plaintiff") filed her Original Petition in the 7th Judicial District Court of Smith County, Texas in an action styled: *Beverly Dillon v. USAA Federal Savings Bank*, Cause No. 17-1540-A (the "State Court Action") seeking injunctive relief and asserting claims against Defendant for fraud, defamation, and conspiracy, as well as violations of the Texas Debt Collection Act, Deceptive Trades Practices-Consumer Protection Act, and Federal Fair Debt Collection Practices Act based on her allegations that Defendant reported inaccurate information on her credit report relating to a credit card that her ex-husband obtained during their marriage.

2. Defendant was served with citation and a copy of the Petition on July 31, 2017. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

3. Defendant removes the State Court Action to this Court on the basis of federal question jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(c)(1).

5. The United States District Court for the Eastern District of Texas, Tyler Division has original jurisdiction over this action based on federal question jurisdiction because the Petition asserts a claim arising under federal law. *See* 28 U.S.C. § 1331.

6. Pursuant to 28 U.S.C. § 1446(a) and Eastern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**:   List of Parties;

**Exhibit B:**   Civil Cover Sheet;

**Exhibit C:**   Certified Copy of the State Court Docket Sheet;

**Exhibit C-1:**   Original Petition;

**Exhibit C-2:**   Civil Case Information Sheet;

**Exhibit C-3:**   Request to Issue Citation;

**Exhibit C-4:**   Temporary Restraining Order and Orders Renewing and Extending Temporary Restraining Order;

**Exhibit C-5:**   Proposed Writ of Injunction;

**Exhibit C-6:**   Defendant's Original Answer;

**Exhibit D:**   List of Attorneys;

**Exhibit E:**   Notice of No Jury Request; and

**Exhibit F:**   Notice of State Court Information.

7. Simultaneously with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 7th Judicial District Court of Smith County, Texas pursuant to 28 U.S.C. § 1446(d).

## III.
## FEDERAL QUESTION JURISDICTION

8. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)); *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

9. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States. Specifically, Plaintiff asserts a claim for violation of the Federal Fair Debt Collection Practices Act ("FDCPA"). *See* Petition at pp. 8-9. The FDCPA expressly grants this Court original jurisdiction to hear such a claim. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."); *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 451 (S.D. Tex. 2000) (finding it indisputable that an FDCPA claim gives rise to federal question jurisdiction). Thus, Plaintiff alleges violations of federal law and her right to relief will necessarily depend upon the

resolution of federal law. Accordingly, this Court has federal question jurisdiction.

## IV.
## SUPPLEMENTAL JURISDICTION

10. This Court also has jurisdiction pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

11. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Plaintiff's state law claims share a common nucleus of operative facts with her FDCPA claim in that all Plaintiff's claims are based on the same alleged wrongful conduct relating to the purported inaccurate credit reporting. Therefore, supplemental federal jurisdiction exists in this case.

## V.
## CONCLUSION

WHEREFORE, Defendant removes this action from the 7th Judicial District Court of Smith County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

  */s/ Marc D. Cabrera*
**Jennifer Kinney Parnell**
  State Bar No. 24055779
  jkinney@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via the Court's CM/ECF system and/or certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 7th day of August 2017.

  */s/ Marc D. Cabrera*
  Counsel for Defendant